UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL |
| VERSUS | NO. 03-016 |
| HARRY H. ADAIR | SECTION: I(3) |

## TRANSFER ORDER

Defendant, HARRY H. ADAIR, has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in which he is challenging the constitutionality of his 2004 conviction and sentence. To support his challenge, defendant asserts the following grounds for relief:

1) The testimony of confidential informant, Wendell Blount, would have demonstrated that petitioner was actually innocent;

2) He was denied a fair trial because Wendell Blount was not allowed to testify;

3) Wendell Blount's recent manslaughter conviction casts doubt on his credibility and state of mind as a confidential informant; and

4) He was denied effective assistance of counsel because counsel refused to raise these issues.

A review of this Court's record reflects that defendant has filed a prior § 2255 motion related to this same conviction and sentence. In that motion, filed September 5, 2007, defendant raised the following grounds for relief:

1) He was denied effective assistance of counsel because counsel failed to call witnesses, including the defendant, failed to present evidence, and failed to negotiate a plea agreement;

2) He was denied a fair and speedy trial;

3) He was subjected to excessive punishment due to misapplication of the sentencing guidelines;

4) He is entitled to compassionate early release pursuant to U.S. Sentencing Guidelines § 1B1.13; and

5) Government witnesses committed perjury and manipulated the evidence.

That motion was dismissed with prejudice on the merits by Judgment entered May 12, 2009. Defendant appealed. The appeal was dismissed for want of prosecution. (Rec. Doc. No. 432).

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this  21st  day of _____May_____, 2012.

_____
UNITED STATES DISTRICT JUDGE